JOHN W. BROWN *et al. vs.* ERNEST E. BENN.

FEBRUARY 4, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This action in assumpsit was brought to recover the balance due under a completed contract for the renovation of a house belonging to the defendant. It was tried in the superior court before a justice sitting without a jury and resulted in a decision for the plaintiffs in the sum of $462.48. The case is here upon the defendant's exceptions to that decision and to certain evidentiary rulings made during the course of the trial.

The record discloses that the plaintiffs began their action in the district court by a writ of summons containing counts in book account and the common counts in *indebitatus assumpsit*. The defendant filed a plea of the general issue and two special pleas, one of which was in set-off. In the superior court, upon appeal from the district court, the defendant expressly abandoned all special pleas and the trial thereupon proceeded on the above-mentioned counts and the plea of the general issue.

The plaintiffs are partners and hold an exclusive franchise in Rhode Island for making and applying "Perma-Stone." This product is made in molds of various sizes from a mixture of cement and mineral ingredients. The molded bricks or stones are then applied in or against a rough plaster base on outside walls of a building and give the appearance of stone construction.

The defendant, who is a contractor and builder of houses, agreed to permit the plaintiffs to apply "Perma-Stone" to the lower part of a three-story house owned by him. According to the plaintiffs defendant agreed to pay them the cost to them of providing materials and labor to thus "Perma-Stone" his house. The defendant, however, testified that plaintiffs agreed to do this work at "a cost satisfactory to me." This agreement was made in part to establish a proper cost basis for figuring other prospective jobs to be undertaken by the plaintiffs and the defendant. The work was done under the personal direction and supervision of an experienced foreman who had come from the

"Perma-Stone" home office to instruct the plaintiffs' employees, and the defendant observed its progress.

After the job was finished the total cost thereof was computed by the plaintiffs in the sum of $1498.02 and a bill therefor was rendered or presented to the defendant, who made a payment of $500 thereon. Later a second payment of $415 on this account was made but defendant claims that this was collected by plaintiffs without his approval, although an authorization to that effect signed by him is in evidence.

The defendant finally refused to make any further payment and his testimony is to the effect that (1) his contract was to "pay a cost satisfactory to me"; (2) that certain of the work was not performed in a workmanlike manner; (3) that it developed imperfections or a "bloom" which required additional expenditures for replacement and special paint and labor; (4) that the area covered was less than the plaintiffs claimed; and (5) that an item of $136.18, marked "cost of mold rental, truck expense, insurance," included profit and was not a proper item in any event.

The trial justice in his decision stated that he was not impressed with the testimony of the defendant to the effect that the plaintiffs agreed to do this work at a cost which was to be determined by the defendant alone, or that the work had been done in a "sloppy or unworkmanlike manner." On the contrary he found that the agreement was that the work would be done at the actual cost to the plaintiffs exclusive of profit. He further pointed out that the defendant's criticism of the workmanship was not reconcilable with uncontradicted testimony that he had exerted himself to obtain for the plaintiffs a substantial amount of similar work on a larger project which the defendant was taking over. He also declined to believe that the defendant's payments were not voluntary or that the second payment of $415 was collected without the defendant's approval. On the evidence therefore he found that the total cost appearing in the bill presented by the plain-

tiffs to the defendant, less the two payments on account and excluding the item of $136.18 which related to the "cost of mold rental, truck expense, insurance," left a balance due on the completed contract of $446.84. To this interest was added from the date of the writ, that is, seven months, making the total amount of the decision for the plaintiffs $462.48.

The defendant's bill of exceptions includes nineteen separate exceptions. These have been grouped by him as follows: Exception 1, to the decision of the court in favor of the plaintiffs; exceptions 2 to 5 inclusive and 8 to 17 inclusive, to rulings of the court admitting certain oral testimony concerning materials used in performing the agreement and cost thereof, of which exceptions numbered 2 and 3 are waived; exceptions 6, 7, 18 and 19, to rulings admitting as exhibits two bills for certain plastering materials and labor provided to the plaintiffs by a third party, namely, Calabro Brothers, and two pages from plaintiffs' permanent record books showing labor and material costs.

In our opinion it is unnecessary to discuss each exception individually. Apart from the first exception, which is to the decision, the defendant's chief contention underlying all exceptions seems to be substantially that the plaintiffs were required under the *quantum meruit* to establish the reasonable value and necessity of the labor and material costs; that mere presentation of bills of a third party did not prove themselves nor establish the amount, necessity, or reasonable value of the material and prices charged therein, citing *Nock* v. *Lloyd,* 32 R. I. 313; and that the other records or oral testimony concerning labor and material costs were not admissible because the plaintiffs' witness was neither experienced in the work nor in actual supervision of and familiar with this particular job.

In our opinion a sufficient answer to these contentions is that the plaintiffs were not proceeding under the *quantum meruit* but were suing in *indebitatus assumpsit* to recover a specific balance claimed to be due under the completed

contract which was partly paid for by the defendant. That a plaintiff may waive his right to sue in special assumpsit and proceed under the common counts in *indebitatus assumpsit* to recover the balance due on a contract where it has been fully executed and nothing remains to be done but to pay the agreed price is well established in this state. *McDermott* v. *St. Wilhelmina Benevolent Aid Society,* 24 R. I. 527; *Freese* v. *Pavloski,* 39 R. I. 512; *Downing* v. *Grady,* 52 R. I. 83; *Smith* v. *Frost,* 68 R. I. 241; *Warren* v. *Martini,* 72 R. I. 36.

In our opinion the instant case comes within that principle of law. Here the total amount of labor and material costs to the plaintiffs, in accordance with the basis fixed in the agreement, was computed and known to the defendant before he made a first payment of $500 on account. At that time he was entirely familiar with the work but he then expressed no objection as to the quality of the workmanship or the reasonableness and necessity of any element of labor or material costs. A second substantial payment by way of credit was made by the defendant later under conditions which the trial justice found to have been authorized by him. In these circumstances the plaintiffs, in accordance with the theory expressed by their attorney at the beginning of the trial, as appears in the transcript, were proceeding in *indebitatus assumpsit* for the balance of the specific amount thus computed under the standards fixed in an executed contract and not under the *quantum meruit* for the reasonable value of the labor and materials involved. Of course, it was proper for defendant to introduce evidence to support his theory which was based on *quantum meruit* and such evidence was presented.

The plaintiffs did not introduce the bills from Calabro Brothers the plasterers or the other records of labor and material costs to establish the reasonable value of these items. They were presented merely to show, as set forth in the bill of particulars, a detailed breakdown of the total cost as computed from the actual invoices from and payments

made to third parties for labor and material costs. The other exhibits were pages from permanent records kept in the usual course of business under the supervision of the witness, who was general manager, showing labor and material costs taken from plaintiffs' original records, invoices, or time books. Under plaintiffs' theory of the case, these were properly admissible. The defendant's contentions in connection with the admission of such exhibits and the oral testimony related thereto are premised substantially upon the misconception that plaintiffs' case was proceeding under the *quantum meruit*. All such exceptions are therefore overruled.

Defendant's first exception relates to the decision in favor of the plaintiffs. The testimony was conflicting as to the terms of the original agreement in relation to the total cost to be paid by the defendant, and this conflict was resolved by the trial justice against the defendant. He specifically passed unfavorably upon the latter's testimony in that regard and gave reasons from the evidence which would support such a conclusion. From an examination of the transcript we do not find that the trial justice misconceived or overlooked any material evidence as to these issues, and we cannot say that his decision in general was clearly wrong.

However, his decision included an item of $26.80 plus interest thereon for seven months to cover a matter of "taxes." These were explained by a witness for the plaintiffs to be "the tax that the company has to pay over to the State and Federal Government. That is OAB Tax and the Sick Benefit for the State." The defendant claims that this amount should have been disallowed under *Pelletier Construction Co.* v. *Trullis,* 70 R. I. 121, wherein this court refused to allow as an item of cost in a cost plus contract a computation for workmen's compensation and public liability insurance, social security and state unemployment insurance taxes, in the absence of some evidence that it was contemplated by the agreement or was a custom of the trade.

We are of the opinion that the defendant's contention is correct because we cannot find any evidence to show that the agreement actually contemplated this item of cost or that it conformed to any general custom of the trade or to any that had prevailed between these parties in their dealings. In the circumstances such cost should not be implied as a matter of law any more than similar items in the case of *Pelletier Construction Co.* v. *Trullis, supra.* In our opinion, therefore, the decision for the plaintiffs should be reduced by an amount equal to $26.80 plus interest at 6 per cent from the date of the writ for seven months, which was the basis of computation used by the trial justice in his decision.

The defendant's first exception is sustained in part, and all other exceptions are overruled. On February 16, 1949 the parties may appear before this court to show cause, if any they have, why the case should not be remitted to the superior court with direction to enter judgment for the plaintiffs on the decision as modified in accordance with this opinion.

*Joseph T. Witherow,* for plaintiffs.

*Fergus J. McOsker,* for defendant.